SUMMONS                          SC-85-1                          Clyde Castleberry Co., Covington, GA. 30015

# IN THE SUPERIOR/STATE COURT OF ___HOUSTON___ COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| Ryan Robinson, and James Dixon and | CIVIL ACTION |
| Barbara Dixon, as Guardians of | NUMBER _____ |
| Ryan Robinson | |
| **PLAINTIFF** | |

VS.

SKE Support Services, Inc., formerly

known as First Support Services, Inc.,

et al.

**DEFENDANT**

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: Perry Food

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

      Marc T. Treadwell
      P.O. Box 928
      Macon, GA  31202-0928

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This __9__ day of __May__ , 20 __06__ .

                              Clerk of Superior/State Court

                              BY _____
                                                      Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

Civil Action No. _2006 V-30442_

Date Filed _5/9/06_

| | Civil Court | ☐ |
| --- | --- | --- |
| | Superior Court | ☐ |
| | State Court | ☒ |
| | Magistrate Court | ☐ |

Georgia, _HOUSTON_ COUNTY

Attorney's Address

Marc T. Treadwell
Adams, Jordan & Treadwell, P.C.
P.O. Box 928
Macon, GA 31202-0928

Ryan Robinson, et al.

**Plaintiff**

VS.

SKE Support Services, Inc., et al.

Name and Address of Party to be Served

Perry Ford

123 Donald Drive

Warner Robins, GA

**Defendant**

**Garnishee**

### SHERIFF'S ENTRY OF SERVICE

**GARNISHEE**  ☐
I have this day served the Garnishee _____ by leaving a copy of the within action and summons with _____

**PERSONAL**  ☐
I have this day served the defendant _Terry Ford_ personally with a copy of the within action and summons.  _/ Perry Ford_

**NOTORIOUS**  ☐
I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**  ☐
Served the defendant _____ a corporation by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**  ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**  ☐
Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _17th_ day of _May_, 20 _06_

_DEPUTY_

_____ COUNTY, GEORGIA

SHERIFF DOCKET _____ PAGE _____

WHITE: Clerk      CANARY: Plaintiff Attorney      PINK: Defendant or Garnishee

SC-2 Rev. 85

## IN THE STATE COURT OF HOUSTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| RYAN ROBINSON, and JAMES DIXON<br>and BARBARA DIXON, as Guardians of<br>RYAN ROBINSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. _____ |
| | ) | |
| SKE SUPPORT SERVICES, INC., formerly<br>known as FIRST SUPPORT SERVICES,<br>INC., a Texas corporation; RICKY BYRAM;<br>KERRY JACKSON; PERRY FORD; TECOM<br>FLEET SERVICES, INC., a Texas<br>corporation; SCHNEIDER ELECTRIC<br>INDUSTRIES S.A.S. CORPORATION, a<br>French corporation; SQUARE D COMPANY,<br>a Delaware corporation; TELEMECANIQUE,<br>INC., a Delaware corporation;<br>TELEMECANIQUE NORTH AMERICA<br>CORPORATION, a Delaware Corporation;<br>and JLG INDUSTRIES, INC., a Pennsylvania<br>corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

COME NOW Plaintiffs, RYAN ROBINSON, and JAMES DIXON

and BARBARA DIXON, as Guardians of RYAN ROBINSON and move this Court

for appointment of a special process server to serve Defendants by serving Ricky

Byram a resident of Bleckley County, at 465 Frank Cook Road, Cochran, Georgia,

or wherever he may be found ; Defendant Kerry Jackson, a resident of Houston

County, at 109 Tanager Lane, Kathleen, Georgia, or wherever he may be found;

and Defendant Perry Ford, a resident of Houston County 123 Donald Drive, Warner

Robins, Georgia, or wherever he may be found with a copy of Plaintiffs' Motion for Appointment of Special Process Server, Order Granting Plaintiffs' Motion for Appointment of Special Process Server, and the Complaint with Summons attached thereto, and show in support thereof the following:

1.

In accordance with O.C.G.A. § 9-11-4(c), process shall be served by the Sheriff of the County where the action is brought or where the defendant is found, or by any citizen of the United States specially appointed by the Court for that purpose.

2.

Plaintiffs request and moves this Court to appoint Douglas W. McDonald of Macon, Georgia as a special process server who will attempt to personally serve Plaintiffs' Motion for Appointment of Special Process Server, Order Granting Plaintiffs' Motion for Appointment of Special Process Server, and the Complaint with Summons attached thereto.

3.

The appointment of a special process server is to the benefit and best interests of all parties.

4.

The appointment of a special process server is in the best interests of justice.

5.

Douglas W. McDonald is a citizen of the United States, and is over twenty-one (21) years of age and is neither an employee of plaintiffs nor Plaintiffs' counsel, and is ready, willing, and able to serve the named defendant.

2

6.

Douglas W. McDonald is not related to the Plaintiffs and has no interest in the outcome of this action.

WHEREFORE, Plaintiffs pray and moves this Court to grant said motion and appoint Douglas W. McDonald, Jr. as a special process server to personally serve the subjects Plaintiffs' Motion for Appointment of Special Process Server, Order Granting Plaintiffs' Motion for Appointment of Special Process Server, and the Complaint with Summons attached thereto.

SO MOVED, this 9th day of May, 2006.

Marc T. Treadwell
Georgia Bar No. 716239

Caroline W. Herrington
Georgia Bar No. 153008

ADAMS, JORDAN & TREADWELL, P.C.
Fickling & Co. Building
577 Mulberry Street, Suite 1250
P.O. Box 928
Macon, GA 31202-0928
(478) 743-2159

3

## IN THE STATE COURT OF HOUSTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| RYAN ROBINSON, and JAMES DIXON and BARBARA DIXON, as Guardians of RYAN ROBINSON,       ) ) ) ) | |
|     Plaintiffs,               ) ) | |
| vs.                        ) | CIVIL ACTION NO. _____ |

RYAN ROBINSON, and JAMES DIXON
and BARBARA DIXON, as Guardians of
RYAN ROBINSON,

    Plaintiffs,

vs.                       CIVIL ACTION NO. _____

SKE SUPPORT SERVICES, INC., formerly
known as FIRST SUPPORT SERVICES,
INC., a Texas corporation; RICKY BYRAM;
KERRY JACKSON; PERRY FORD; TECOM
FLEET SERVICES, INC., a Texas
corporation; SCHNEIDER ELECTRIC
INDUSTRIES S.A.S. CORPORATION, a
French corporation; SQUARE D COMPANY,
a Delaware corporation; TELEMECANIQUE,
INC., a Delaware corporation;
TELEMECANIQUE NORTH AMERICA
CORPORATION, a Delaware Corporation;
and JLG INDUSTRIES, INC., a Pennsylvania
corporation;

    Defendants.

---

### PLAINTIFFS' FIRST INTERROGATORIES TO
### DEFENDANT RICKY BYRAM

Pursuant to O.C.G.A. § 9-11-33, you are requested and instructed to answer

the following interrogatories, separately and fully in writing and under oath, and to

serve your answers upon counsel for Plaintiffs within the time required by law. If

you object to a portion of any interrogatory, answer each such interrogatory fully to

the extent such objection does not apply. If you are unable to answer any part of

any interrogatory, answer the remaining parts as fully as possible and state which

parts you are unable to answer.

As used herein, the term "you" or "yours" refers to you, your agents, adjusters, and attorneys.

As used herein, the term "documents" means and includes all writings of any kind, including both the originals of such writings and all nonidentical copies (whether different from the originals by reason of any notation made on such copies or otherwise), including, but not limited to, correspondence, memoranda, notes, diaries, notebooks, ledgers, letters, telegrams, minutes, contracts, offers, reports, studies, surveys, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, records of any sort of conversations, telephone calls, meetings or other communications, bulletins, computer printouts, teletypes, telecopies, invoices, worksheets, graphic or aural records for representations of any kind (including, but not limited to, photographs, negatives, undeveloped exposes of photographic film, charts, grafts, microfiche, microfilm, videotape, recordings, and motion pictures) and electronic records, emails, or mechanical records or representations of any kind (including, but not limited to, tapes, cassettes, disks, and records).

As used herein, the term "identify" means:

a)      When used with respect to a natural person, to state that person's full name, business and residential addresses and telephone numbers, employer, and job title or profession;

b)      When used with respect to a corporation, government agency, or their business or governmental entity, to state the full name and address of said entity;

2

c)    When used with respect to a document, to describe briefly the nature of said document and to state the date it was prepared, the identity of the person who prepared it, the identity of the sender and recipient (if applicable) and the identity of the person or persons who now have possession, custody, or control of said document; and

d)    When used with respect to a communication to state the date of such communication, the manner in which it was accomplished (i.e., whether written or oral, and if oral, whether face-to-face or by telephone), to identify all persons who were parties to such communication or present when it occurred, to state the substance of such communication and to identify all documents which evidence the substance of such communication.

If you object to providing any information requested by these interrogatories on the grounds of privilege, that the requested information is work-product or prepared in anticipation of litigation or for use at trial, please describe the withheld information in sufficient detail to permit an assessment of the merit of your objection.  In the case of a document, identify the document by stating the date of the document, the general nature and substance of the document, the identity of the author or preparer of the document, and the identities of all individuals to whom the document has been disseminated.

## INTERROGATORY NO. 1

Identify each individual providing information stated in response to these interrogatories and state which response contains the information provided by that individual.

3

## INTERROGATORY NO. 2

If the claim asserted against you in this action is or may be covered by any liability insurance policy, state the name of the company providing coverage, the limits of coverage, and whether such company has acknowledged that coverage exists for the incident in question.

## INTERROGATORY NO. 3

Identify each person whom you expect to call as an expert witness at trial and for each such person state the subject matter on which said witness is expected to testify, the substance of the facts or opinions to which the witness is expected to testify, and a summary of the grounds for each such opinion.

## INTERROGATORY NO. 4

If you have ever been or are presently married, state:

a)      The name(s) and address(es) of your spouse or former spouses; and

b)      The date and place of each marriage and, if applicable, the date and reason for termination of each marriage.

## INTERROGATORY NO. 5

State the address of every residence that you have occupied within the past 10 years and the dates inclusive when you occupied such residence.

## INTERROGATORY NO. 6

If you have ever been charged with any criminal offense, please state:

a)      The nature of the offense;

b)      The date of the offense;

c)      The county and state in which the alleged events occurred; and

4

d)    The sentence imposed, if applicable.

## INTERROGATORY NO. 7

If you have ever been involved in any legal action other than those previously identified, either as a defendant, plaintiff, claimant, or witness, state:

a)    The date and place each such action was filed, giving the name of the forum, the name of the other party or parties involved, the number of such action, and the names of the attorneys representing each party; and

b)    A description of the nature of each such action.

## INTERROGATORY NO. 8

Identify each person, firm or corporation who has investigated the incident referred to in the Complaint, and identify all written or recorded statements and reports of any kind relating or pertaining to such investigations.

## INTERROGATORY NO. 9

Identify each of your employers for the past 10 years and with respect to each employer, state:

a)    The location and dates inclusive during which you were employed;

b)    The name and address of your immediate supervisors in connection with such employment;

c)    Your job title and a description of the duties involved in such employment; and

d)    The reason or reasons why you left such employment.

5

## INTERROGATORY NO. 10

Identify each person or entity you contend contributed to the cause of the incident in question and as to each describe the act or omission which you contend constituted a contributing cause of the incident in question.

## INTERROGATORY NO. 11

With regard to each affirmative defense pled in your answer please provide the following information:

a)    State each fact upon which the defense is based;

b)    Identify all individuals with knowledge of each such fact; and

c)    Identify each document which evidences each such fact.

## INTERROGATORY NO. 12

Except for those persons named as defendants in this action, identify all individuals who may have knowledge regarding the maintenance and inspection of the JLG Model 80HX Lift involved in this incident (hereinafter referred to as "80HX Lift"), and state the information you believe each such individual possesses.

## INTERROGATORY NO. 13

Except for those persons previously identified, identify all other individuals who may have knowledge relevant to this action and state the relevant information you believe each such individual possesses.

## INTERROGATORY NO. 14

If you or any individual identified herein has made or given a statement, whether written or recorded, provide the following information:

a)    The date of such statement;

b)    Who was present when it was made;

6

c)   Whether it was written or recorded; and

d)   The substance and content thereof.

**INTERROGATORY NO. 17**

With regard to any training you have received that relates to JLG lifts, please

provide the following information:

a)   State the dates of the training;

b)   Identify all individuals or entities providing the training;

c)   State the substance of the training; and

d)   Identify all documents evidencing or relating to the training, including,
     but not limited to, training materials.

**INTERROGATORY NO. 18**

With regard to the fact that on August 23, 2004 the boom of the Lift that is the

subject of the Complaint was able to be raised notwithstanding the fact that axles

were not extended and locked, please provide the following information:

a)   State any opinions or conclusion reached by you with regard to the
     reason that the boom was able to be raised under these circumstances;

b)   Identify the manufacturer of all parts that caused or contributed to the
     fact that the boom was able to be raised; and

c)   Identify all documents which evidence or relate to such opinions or
     conclusions.

**INTERROGATORY NO. 19**

With regard to the Lift that is the subject of the Complaint, please provide the

following information:

7

a) State the date and times that you were within 20 feet of the Lift since January 1, 2004 through the present;

b) State the reasons why you were in such proximity to the Lift;

c) State all activities or actions taken by you while you were in such proximity to the Lift;

d) Identify all documents evidencing or relating to the reasons why you were in such proximity of the Lift; and

e) Identify all documents evidencing or relating to any reports, conclusions, summaries, memoranda, or other documents generated in connection with you being in such proximity to the Lift.

This 9th day of May, 2006.

_____
Marc T. Treadwell
Georgia Bar No. 716239

ADAMS, JORDAN & TREADWELL, P.C.
Fickling & Co. Building
577 Mulberry Street, Suite 1250
P.O. Box 928
Macon, GA 31202-0928
(478) 743-2159

## IN THE STATE COURT OF HOUSTON COUNTY
## STATE OF GEORGIA

RYAN ROBINSON, and JAMES DIXON )
and BARBARA DIXON, as Guardians of )
RYAN ROBINSON, )
            )
     **Plaintiffs,** )
            )
**vs.** )     CIVIL ACTION NO. _____
            )
SKE SUPPORT SERVICES, INC., formerly )
known as FIRST SUPPORT SERVICES, )
INC., a Texas corporation; RICKY BYRAM; )
KERRY JACKSON; PERRY FORD; TECOM )
FLEET SERVICES, INC., a Texas )
corporation; SCHNEIDER ELECTRIC )
INDUSTRIES S.A.S. CORPORATION, a )
French corporation; SQUARE D COMPANY, )
a Delaware corporation; TELEMECANIQUE, )
INC., a Delaware corporation; )
TELEMECANIQUE NORTH AMERICA )
CORPORATION, a Delaware Corporation; )
and JLG INDUSTRIES, INC., a Pennsylvania )
corporation; )
            )
     **Defendants.** )

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## TO DEFENDANT RICKY BYRAM

Pursuant to O.C.G.A. § 9-11-34, Plaintiffs request that you produce and

allow inspection and copying of the documents and tangible things designated

below that are in your possession, custody or control.

As used herein the terms "you" or "your" refers to you, your agents,

adjusters, and attorneys.

If the original of a document or tangible thing is within your possession,

custody or control, please produce the original. If the document or tangible thing is

not within your possession, custody or control, produce each copy of the original which is in your possession, custody or control. All earlier drafts of final documents, and any copy of a document or earlier draft on which any notation, addition, alteration or change has been made is to be treated as constituting an additional original document. Each model or form of a tangible thing is also to be produced.

If, in response to any request for production, you assert a claim of privilege, or any other reason, in support of your refusal to produce documents, please identify each such document, note the failure to produce the document or some part of it and the reason, and then comply with the request to the extent that the privilege or other reason does not apply to particular documents or parts thereof.

The documents and tangible things designated for production are as follows:

## REQUEST FOR PRODUCTION NO. 1

All photographs, sketches, transparencies, drawings, videotapes or any other visual depictions of the scene of the incident which is the subject of the Complaint or any equipment involved in the incident.

## REQUEST FOR PRODUCTION NO. 2

All written or recorded statements or reports of any kind identified or asked to be identified in Interrogatory Nos. 8 or 14.

## REQUEST FOR PRODUCTION NO. 3

All documents relating to or evidencing to preventative maintenance inspections performed by you on the JLG Model 80HX Lift (hereinafter referred to as "80HX Lift") involved in this incident.

2

## REQUEST FOR PRODUCTION NO. 4

A legible copy of the front and back of your driver's license and any licenses you have regarding operation of boom lifts.

## REQUEST FOR PRODUCTION NO. 5

All documents evidencing or relating to any training you have received relating to JLG lifts.

## REQUEST FOR PRODUCTION NO. 5

All documents identified or requested to be identified in Interrogatory No. 19.

## REQUEST FOR PRODUCTION NO. 6

Any logbook, daily calendar, or similar document that describes your activities during the period of January 1, 2004 through December 31, 2004.

## REQUEST TO PRODUCE NO. 7

All documents evidencing or relating to any checklist or any similar-type document used in connection with the performance of repairs or inspections on lifts.

## REQUEST TO PRODUCE NO. 8

All manuals or similar documents maintained in your office or workplace at Warner Robins Air Force Base concerning JLG 80HX lifts during the period of January 1, 1998 through the present.

## REQUEST TO PRODUCE NO. 9

Transcripts and recordings of all statements made by you to Air Force or government representatives relating to the August 23, 2004 incident that is the subject of the Complaint.

3

## REQUEST TO PRODUCE NO. 10

All documents evidencing or relating to any communications between you and

the United States Air Force or any other governmental agency or division concerning

the incident that is the subject of the Complaint or the 80HX Lift that is referred to in

the Complaint.

This _____ 9th _____ day of May, 2006.

Marc T. Treadwell
Georgia Bar No. 716239

ADAMS, JORDAN & TREADWELL, P.C.
Fickling & Co. Building
577 Mulberry Street, Suite 1250
P.O. Box 928
Macon, GA 31202-0928
(478) 743-2159

4

SUMMONS                          SC-85-1                                    Clyde Castleberry Co., Covington, GA 30015

# IN THE SUPERIOR/STATE COURT OF ___HOUSTON_____ COUNTY

## STATE OF GEORGIA

Ryan Robinson, and James Dixon and

Barbara Dixon, as Guardians of

Ryan Robinson
_____
                              **PLAINTIFF**

            VS.

SKE Support Services, Inc., formerly

Known as First Support Services, Inc.,

et al.
_____
                              **DEFENDANT**

CIVIL ACTION
NUMBER _____

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: Ricky Byron

    You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name
and address is:

            Marc T. Treadwell
            Adams, Jordan & Treadwell, P.C.
            P.O. Box 928
            Macon, GA  31202-0928

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive
of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This __9__ day of ___May_____, 20_06_.

                                        Clerk of Superior/State Court

                              BY _____
                                                                Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

Civil Action No. _____

Date Filed _5/1/06_

| Civil Court | ☐ |
| Superior Court | ☐ |
| State Court | ☒ |
| Magistrate Court | ☐ |

Georgia, HOUSTON COUNTY

Attorney's Address

Marc T. Treadwell
Adams, Jordan & Treadwell, P.C.
P.O. Box 928
Macon, GA 31202-0928

**Plaintiff**

Ryan Robinson, et al.

VS.

SKE Support Services, Inc., et al.

Name and Address of Party to be Served

Ricky Byram

465 Frank Cook Road

Cochran, GA

**Defendant**

**Garnishee**

### SHERIFF'S ENTRY OF SERVICE

I have this day served the Garnishee _____ by leaving a copy of the within action and summons with _____

I have this day served the defendant _Ricky Byram_ personally with a copy of the within action and summons.

I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows

age, about ___ years; weight, about ___ pounds; height, about ___ feet and ___ inches, domiciled at the residence of defendant.

Served the defendant _____ a corporation by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said Corporation in this County.

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _12th_ day of _May_, 20_06_

SHERIFF DOCKET _____ PAGE _____

_____ COUNTY, GEORGIA

WHITE: Clerk     CANARY: Plaintiff Attorney     PINK: Defendant or Garnishee

SC-2 Rev. 85

## IN THE STATE COURT OF HOUSTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| RYAN ROBINSON, and JAMES DIXON and BARBARA DIXON, as Guardians of RYAN ROBINSON,<br><br>      Plaintiffs,<br><br>vs.<br><br>SKE SUPPORT SERVICES, INC., formerly known as FIRST SUPPORT SERVICES, INC., a Texas corporation; RICKY BYRAM; KERRY JACKSON; PERRY FORD; TECOM FLEET SERVICES, INC., a Texas corporation; SCHNEIDER ELECTRIC INDUSTRIES S.A.S. CORPORATION, a French corporation; SQUARE D COMPANY, a Delaware corporation; TELEMECANIQUE, INC., a Delaware corporation; TELEMECANIQUE NORTH AMERICA CORPORATION, a Delaware Corporation; and JLG INDUSTRIES, INC., a Pennsylvania corporation;<br><br>      Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br>CIVIL ACTION NO. _____ |

## PLAINTIFFS' FIRST INTERROGATORIES TO
## DEFENDANT PERRY FORD

Pursuant to O.C.G.A. § 9-11-33, you are requested and instructed to answer the following interrogatories, separately and fully in writing and under oath, and to serve your answers upon counsel for Plaintiffs within the time required by law. If you object to a portion of any interrogatory, answer each such interrogatory fully to the extent such objection does not apply. If you are unable to answer any part of any interrogatory, answer the remaining parts as fully as possible and state which parts you are unable to answer.

As used herein, the term "you" or "yours" refers to you, your agents, adjusters, and attorneys.

As used herein, the term "documents" means and includes all writings of any kind, including both the originals of such writings and all nonidentical copies (whether different from the originals by reason of any notation made on such copies or otherwise), including, but not limited to, correspondence, memoranda, notes, diaries, notebooks, ledgers, letters, telegrams, minutes, contracts, offers, reports, studies, surveys, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, records of any sort of conversations, telephone calls, meetings or other communications, bulletins, computer printouts, teletypes, telecopies, invoices, worksheets, graphic or aural records for representations of any kind (including, but not limited to, photographs, negatives, undeveloped exposes of photographic film, charts, grafts, microfiche, microfilm, videotape, recordings, and motion pictures) and electronic records, emails, or mechanical records or representations of any kind (including, but not limited to, tapes, cassettes, disks, and records).

As used herein, the term "identify" means:

a) When used with respect to a natural person, to state that person's full name, business and residential addresses and telephone numbers, employer, and job title or profession;

b) When used with respect to a corporation, government agency, or their business or governmental entity, to state the full name and address of said entity;

2

c)      When used with respect to a document, to describe briefly the nature of said document and to state the date it was prepared, the identity of the person who prepared it, the identity of the sender and recipient (if applicable) and the identity of the person or persons who now have possession, custody, or control of said document; and

d)      When used with respect to a communication to state the date of such communication, the manner in which it was accomplished (i.e., whether written or oral, and if oral, whether face-to-face or by telephone), to identify all persons who were parties to such communication or present when it occurred, to state the substance of such communication and to identify all documents which evidence the substance of such communication.

If you object to providing any information requested by these interrogatories on the grounds of privilege, that the requested information is work-product or prepared in anticipation of litigation or for use at trial, please describe the withheld information in sufficient detail to permit an assessment of the merit of your objection.  In the case of a document, identify the document by stating the date of the document, the general nature and substance of the document, the identity of the author or preparer of the document, and the identities of all individuals to whom the document has been disseminated.

## INTERROGATORY NO. 1

Identify each individual providing information stated in response to these interrogatories and state which response contains the information provided by that individual.

3

## INTERROGATORY NO. 2

If the claim asserted against you in this action is or may be covered by any liability insurance policy, state the name of the company providing coverage, the limits of coverage, and whether such company has acknowledged that coverage exists for the incident in question.

## INTERROGATORY NO. 3

Identify each person whom you expect to call as an expert witness at trial and for each such person state the subject matter on which said witness is expected to testify, the substance of the facts or opinions to which the witness is expected to testify, and a summary of the grounds for each such opinion.

## INTERROGATORY NO. 4

If you have ever been or are presently married, state:

a)     The name(s) and address(es) of your spouse or former spouses; and

b)     The date and place of each marriage and, if applicable, the date and reason for termination of each marriage.

## INTERROGATORY NO. 5

State the address of every residence that you have occupied within the past 10 years and the dates inclusive when you occupied such residence.

## INTERROGATORY NO. 6

If you have ever been charged with any criminal offense, please state:

a)     The nature of the offense;

b)     The date of the offense;

c)     The county and state in which the alleged events occurred; and

4

d)      The sentence imposed, if applicable.

## INTERROGATORY NO. 7

If you have ever been involved in any legal action other than those previously identified, either as a defendant, plaintiff, claimant, or witness, state:

a)      The date and place each such action was filed, giving the name of the forum, the name of the other party or parties involved, the number of such action, and the names of the attorneys representing each party; and

b)      A description of the nature of each such action.

## INTERROGATORY NO. 8

Identify each person, firm or corporation who has investigated the incident referred to in the Complaint, and identify all written or recorded statements and reports of any kind relating or pertaining to such investigations.

## INTERROGATORY NO. 9

Identify each of your employers for the past 10 years and with respect to each employer, state:

a)      The location and dates inclusive during which you were employed;

b)      The name and address of your immediate supervisors in connection with such employment;

c)      Your job title and a description of the duties involved in such employment; and

d)      The reason or reasons why you left such employment.

5

## INTERROGATORY NO. 10

Identify each person or entity you contend contributed to the cause of the incident in question and as to each describe the act or omission which you contend constituted a contributing cause of the incident in question.

## INTERROGATORY NO. 11

With regard to each affirmative defense pled in your answer please provide the following information:

    a)    State each fact upon which the defense is based;

    b)    Identify all individuals with knowledge of each such fact; and

    c)    Identify each document which evidences each such fact.

## INTERROGATORY NO. 12

Except for those persons named as defendants in this action, identify all individuals who may have knowledge regarding the maintenance and inspection of the JLG Model 80HX Lift involved in this incident (hereinafter referred to as "80HX Lift"), and state the information you believe each such individual possesses.

## INTERROGATORY NO. 13

Except for those persons previously identified, identify all other individuals who may have knowledge relevant to this action and state the relevant information you believe each such individual possesses.

## INTERROGATORY NO. 14

If you or any individual identified herein has made or given a statement, whether written or recorded, provide the following information:

    a)    The date of such statement;

    b)    Who was present when it was made;

    c)      Whether it was written or recorded; and

    d)      The substance and content thereof.

### INTERROGATORY NO. 17

With regard to any training you have received that relates to JLG lifts, please provide the following information:

    a)      State the dates of the training;

    b)      Identify all individuals or entities providing the training;

    c)      State the substance of the training; and

    d)      Identify all documents evidencing or relating to the training, including, but not limited to, training materials.

### INTERROGATORY NO. 18

With regard to the fact that on August 23, 2004 the boom of the Lift that is the subject of the Complaint was able to be raised notwithstanding the fact that axles were not extended and locked, please provide the following information:

    a)      State any opinions or conclusion reached by you with regard to the reason that the boom was able to be raised under these circumstances;

    b)      Identify the manufacturer of all parts that caused or contributed to the fact that the boom was able to be raised; and

    c)      Identify all documents which evidence or relate to such opinions or conclusions.

### INTERROGATORY NO. 19

With regard to the Lift that is the subject of the Complaint, please provide the following information:

7

a)    State the date and times that you were within 20 feet of the Lift since

      January 1, 2004 through the present;

b)    State the reasons why you were in such proximity to the Lift;

c)    State all activities or actions taken by you while you were in such

      proximity to the Lift;

d)    Identify all documents evidencing or relating to the reasons why you

      were in such proximity of the Lift; and

e)    Identify all documents evidencing or relating to any reports, conclusions,

      summaries, memoranda, or other documents generated in connection

      with you being in such proximity to the Lift.

This _9th_ day of May, 2006.

_____
Marc T. Treadwell
Georgia Bar No. 716239

ADAMS, JORDAN & TREADWELL, P.C.
Fickling & Co. Building
577 Mulberry Street, Suite 1250
P.O. Box 928
Macon, GA 31202-0928
(478) 743-2159

8

# IN THE STATE COURT OF HOUSTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| RYAN ROBINSON, and JAMES DIXON and BARBARA DIXON, as Guardians of RYAN ROBINSON, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. _____ |
| | ) | |
| SKE SUPPORT SERVICES, INC., formerly known as FIRST SUPPORT SERVICES, INC., a Texas corporation; RICKY BYRAM; KERRY JACKSON; PERRY FORD; TECOM FLEET SERVICES, INC., a Texas corporation; SCHNEIDER ELECTRIC INDUSTRIES S.A.S. CORPORATION, a French corporation; SQUARE D COMPANY, a Delaware corporation; TELEMECANIQUE, INC., a Delaware corporation; TELEMECANIQUE NORTH AMERICA CORPORATION, a Delaware Corporation; and JLG INDUSTRIES, INC., a Pennsylvania corporation; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PERRY FORD

Pursuant to O.C.G.A. § 9-11-34, Plaintiffs request that you produce and allow inspection and copying of the documents and tangible things designated below that are in your possession, custody or control.

As used herein the terms "you" or "your" refers to you, your agents, adjusters, and attorneys.

If the original of a document or tangible thing is within your possession, custody or control, please produce the original. If the document or tangible thing is

not within your possession, custody or control, produce each copy of the original which is in your possession, custody or control. All earlier drafts of final documents, and any copy of a document or earlier draft on which any notation, addition, alteration or change has been made is to be treated as constituting an additional original document. Each model or form of a tangible thing is also to be produced.

If, in response to any request for production, you assert a claim of privilege, or any other reason, in support of your refusal to produce documents, please identify each such document, note the failure to produce the document or some part of it and the reason, and then comply with the request to the extent that the privilege or other reason does not apply to particular documents or parts thereof.

The documents and tangible things designated for production are as follows:

## REQUEST FOR PRODUCTION NO. 1

All photographs, sketches, transparencies, drawings, videotapes or any other visual depictions of the scene of the incident which is the subject of the Complaint or any equipment involved in the incident.

## REQUEST FOR PRODUCTION NO. 2

All written or recorded statements or reports of any kind identified or asked to be identified in Interrogatory Nos. 8 or 14.

## REQUEST FOR PRODUCTION NO. 3

All documents relating to or evidencing to preventative maintenance inspections performed by you on the JLG Model 80HX Lift (hereinafter referred to as "80HX Lift") involved in this incident.

2

## REQUEST FOR PRODUCTION NO. 4

A legible copy of the front and back of your driver's license and any licenses you have regarding operation of boom lifts.

## REQUEST FOR PRODUCTION NO. 5

All documents evidencing or relating to any training you have received relating to JLG lifts.

## REQUEST FOR PRODUCTION NO. 5

All documents identified or requested to be identified in Interrogatory No. 19.

## REQUEST FOR PRODUCTION NO. 6

Any logbook, daily calendar, or similar document that describes your activities during the period of January 1, 2004 through December 31, 2004.

## REQUEST TO PRODUCE NO. 7

All documents evidencing or relating to any checklist or any similar-type document used in connection with the performance of repairs or inspections on lifts.

## REQUEST TO PRODUCE NO. 8

All manuals or similar documents maintained in your office or workplace at Warner Robins Air Force Base concerning JLG 80HX lifts during the period of January 1, 1998 through the present.

## REQUEST TO PRODUCE NO. 9

Transcripts and recordings of all statements made by you to Air Force or government representatives relating to the August 23, 2004 incident that is the subject of the Complaint.

3

## REQUEST TO PRODUCE NO. 10

All documents evidencing or relating to any communications between you and

the United States Air Force or any other governmental agency or division concerning

the incident that is the subject of the Complaint or the 80HX Lift that is referred to in

the Complaint.

This _9th_ day of May, 2006.

Marc T. Treadwell
Georgia Bar No. 716239

ADAMS, JORDAN & TREADWELL, P.C.
Fickling & Co. Building
577 Mulberry Street, Suite 1250
P.O. Box 928
Macon, GA 31202-0928
(478) 743-2159

4

## IN THE STATE COURT OF HOUSTON COUNTY
## STATE OF GEORGIA

RYAN ROBINSON, and JAMES DIXON    )
and BARBARA DIXON, as Guardians of    )
RYAN ROBINSON,    )
    )
    Plaintiffs,    )
    )
vs.    )    CIVIL ACTION NO. \_\_\_\_\_
    )
SKE SUPPORT SERVICES, INC., formerly    )
known as FIRST SUPPORT SERVICES,    )
INC., a Texas corporation; RICKY BYRAM;    )
KERRYJACKSON; PERRY FORD; TECOM    )
FLEET SERVICES, INC., a Texas    )
corporation; SCHNEIDER ELECTRIC    )
INDUSTRIES S.A.S. CORPORATION, a    )
French corporation; SQUARE D COMPANY, )
a Delaware corporation; TELEMECANIQUE, )
INC., a Delaware corporation;    )
TELEMECANIQUE NORTH AMERICA    )
CORPORATION, a Delaware Corporation;    )
and JLG INDUSTRIES, INC., a Pennsylvania )
corporation;    )
    )
    Defendants.    )

## PLAINTIFFS' FIRST INTERROGATORIES TO
## DEFENDANT KERRY JACKSON

Pursuant to O.C.G.A. § 9-11-33, you are requested and instructed to answer the following interrogatories, separately and fully in writing and under oath, and to serve your answers upon counsel for Plaintiffs within the time required by law. If you object to a portion of any interrogatory, answer each such interrogatory fully to the extent such objection does not apply. If you are unable to answer any part of any interrogatory, answer the remaining parts as fully as possible and state which parts you are unable to answer.

As used herein, the term "you" or "yours" refers to you, your agents, adjusters, and attorneys.

As used herein, the term "documents" means and includes all writings of any kind, including both the originals of such writings and all nonidentical copies (whether different from the originals by reason of any notation made on such copies or otherwise), including, but not limited to, correspondence, memoranda, notes, diaries, notebooks, ledgers, letters, telegrams, minutes, contracts, offers, reports, studies, surveys, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, records of any sort of conversations, telephone calls, meetings or other communications, bulletins, computer printouts, teletypes, telecopies, invoices, worksheets, graphic or aural records for representations of any kind (including, but not limited to, photographs, negatives, undeveloped exposes of photographic film, charts, grafts, microfiche, microfilm, videotape, recordings, and motion pictures) and electronic records, emails, or mechanical records or representations of any kind (including, but not limited to, tapes, cassettes, disks, and records).

As used herein, the term "identify" means:

a)      When used with respect to a natural person, to state that person's full name, business and residential addresses and telephone numbers, employer, and job title or profession;

b)      When used with respect to a corporation, government agency, or their business or governmental entity, to state the full name and address of said entity;

2

c)      When used with respect to a document, to describe briefly the nature of said document and to state the date it was prepared, the identity of the person who prepared it, the identity of the sender and recipient (if applicable) and the identity of the person or persons who now have possession, custody, or control of said document; and

d)      When used with respect to a communication to state the date of such communication, the manner in which it was accomplished (i.e., whether written or oral, and if oral, whether face-to-face or by telephone), to identify all persons who were parties to such communication or present when it occurred, to state the substance of such communication and to identify all documents which evidence the substance of such communication.

If you object to providing any information requested by these interrogatories on the grounds of privilege, that the requested information is work-product or prepared in anticipation of litigation or for use at trial, please describe the withheld information in sufficient detail to permit an assessment of the merit of your objection.  In the case of a document, identify the document by stating the date of the document, the general nature and substance of the document, the identity of the author or preparer of the document, and the identities of all individuals to whom the document has been disseminated.

## **INTERROGATORY NO. 1**

Identify each individual providing information stated in response to these interrogatories and state which response contains the information provided by that individual.

3

## INTERROGATORY NO. 2

If the claim asserted against you in this action is or may be covered by any liability insurance policy, state the name of the company providing coverage, the limits of coverage, and whether such company has acknowledged that coverage exists for the incident in question.

## INTERROGATORY NO. 3

Identify each person whom you expect to call as an expert witness at trial and for each such person state the subject matter on which said witness is expected to testify, the substance of the facts or opinions to which the witness is expected to testify, and a summary of the grounds for each such opinion.

## INTERROGATORY NO. 4

If you have ever been or are presently married, state:

a)     The name(s) and address(es) of your spouse or former spouses; and

b)     The date and place of each marriage and, if applicable, the date and reason for termination of each marriage.

## INTERROGATORY NO. 5

State the address of every residence that you have occupied within the past 10 years and the dates inclusive when you occupied such residence.

## INTERROGATORY NO. 6

If you have ever been charged with any criminal offense, please state:

a)     The nature of the offense;

b)     The date of the offense;

c)     The county and state in which the alleged events occurred; and

4

d)      The sentence imposed, if applicable.

## INTERROGATORY NO. 7

If you have ever been involved in any legal action other than those
previously identified, either as a defendant, plaintiff, claimant, or witness, state:

a)      The date and place each such action was filed, giving the name of the
forum, the name of the other party or parties involved, the number of
such action, and the names of the attorneys representing each party;
and

b)      A description of the nature of each such action.

## INTERROGATORY NO. 8

Identify each person, firm or corporation who has investigated the incident
referred to in the Complaint, and identify all written or recorded statements and
reports of any kind relating or pertaining to such investigations.

## INTERROGATORY NO. 9

Identify each of your employers for the past 10 years and with respect to
each employer, state:

a)      The location and dates inclusive during which you were employed;

b)      The name and address of your immediate supervisors in connection
with such employment;

c)      Your job title and a description of the duties involved in such
employment; and

d)      The reason or reasons why you left such employment.

## INTERROGATORY NO. 10

Identify each person or entity you contend contributed to the cause of the incident in question and as to each describe the act or omission which you contend constituted a contributing cause of the incident in question.

## INTERROGATORY NO. 11

With regard to each affirmative defense pled in your answer please provide the following information:

    a)    State each fact upon which the defense is based;

    b)    Identify all individuals with knowledge of each such fact; and

    c)    Identify each document which evidences each such fact.

## INTERROGATORY NO. 12

Except for those persons named as defendants in this action, identify all individuals who may have knowledge regarding the maintenance and inspection of the JLG Model 80HX Lift involved in this incident (hereinafter referred to as "80HX Lift"), and state the information you believe each such individual possesses.

## INTERROGATORY NO. 13

Except for those persons previously identified, identify all other individuals who may have knowledge relevant to this action and state the relevant information you believe each such individual possesses.

## INTERROGATORY NO. 14

If you or any individual identified herein has made or given a statement, whether written or recorded, provide the following information:

    a)    The date of such statement;

    b)    Who was present when it was made;

c)      Whether it was written or recorded; and

d)      The substance and content thereof.

## INTERROGATORY NO. 17

With regard to any training you have received that relates to JLG lifts, please provide the following information:

a)      State the dates of the training;

b)      Identify all individuals or entities providing the training;

c)      State the substance of the training; and

d)      Identify all documents evidencing or relating to the training, including, but not limited to, training materials.

## INTERROGATORY NO. 18

With regard to the fact that on August 23, 2004 the boom of the Lift that is the subject of the Complaint was able to be raised notwithstanding the fact that axles were not extended and locked, please provide the following information:

a)      State any opinions or conclusion reached by you with regard to the reason that the boom was able to be raised under these circumstances;

b)      Identify the manufacturer of all parts that caused or contributed to the fact that the boom was able to be raised; and

c)      Identify all documents which evidence or relate to such opinions or conclusions.

## INTERROGATORY NO. 19

With regard to the Lift that is the subject of the Complaint, please provide the following information:

7

a)   State the date and times that you were within 20 feet of the Lift since January 1, 2004 through the present;

b)   State the reasons why you were in such proximity to the Lift;

c)   State all activities or actions taken by you while you were in such proximity to the Lift;

d)   Identify all documents evidencing or relating to the reasons why you were in such proximity of the Lift; and

e)   Identify all documents evidencing or relating to any reports, conclusions, summaries, memoranda, or other documents generated in connection with you being in such proximity to the Lift.

This 9th day of May, 2006.

Marc T. Treadwell
Georgia Bar No. 716239

ADAMS, JORDAN & TREADWELL, P.C.
Fickling & Co. Building
577 Mulberry Street, Suite 1250
P.O. Box 928
Macon, GA  31202-0928
(478) 743-2159

8