FILED
U.S. DISTRICT COURT
MIDDLE GEORGIA

2007 FEB -6  PM 4: 30

[signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RYAN ROBINSON, and JAMES DIXON and BARBARA DIXON, as Guardians of RYAN ROBINSON,<br><br>    Plaintiffs,<br><br>vs.<br><br>SKE SUPPORT SERVICES, INC. now known as FIRST SUPPORT SERVICES, INC., a Texas corporation; RICKY BYRAM; KERRY JACKSON; PERRY FORD; TECOM FLEET SERVICES, INC., a Texas corporation; SQUARE D COMPANY, a Delaware corporation; and JLG INDUSTRIES, INC., a Pennsylvania corporation; FIRST SERVICES, INC., an Ohio corporation; SKE SUPPORT SERVICES, INC., a Texas corporation; SKE INTERNATIONAL, INC., a Delaware corporation; SKE INTERNATIONAL, LLC, A Delaware Limited Liability Company; and VINCI USA HOLDINGS, INC., a Delaware corporation,<br><br>    Defendants. | CIVIL ACTION NO.<br>5:06-CV-193(WDO) |

## CONSENT PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION PRODUCED BY FIRST SUPPORT SERVICES, INC., FIRST SERVICES, INC., SKE INTERNATIONAL, LLC, VINCI USA HOLDINGS, INC. AND SKE SUPPORT SERVICES, INC.

Upon consideration of the parties' Joint Motion for Entry of Consent Protective Order Concerning Confidential Information Produced By First Support Services, Inc., First Services Inc., SKE International, LLC, VINCI USA Holdings, Inc. and SKE Support Services, Inc., and good cause appearing as to why such order should be entered,

**IT IS HEREBY ORDERED,**

1) For the purposes of this Order, "Confidential Information" is defined as trade secrets and confidential and proprietary business information not known to the general public which may be obtained by Plaintiffs, Ryan Robinson, and James Dixon and Barbara Dixon, as Guardians of Ryan Robinson, ("Plaintiffs"), from Defendants, First Support Services, inc. First Services, Inc., SKE International, LLC, VINCI USA Holdings, Inc. and SKE Support Services, Inc. (collectively "the SKE Defendants") and other parties during the course of discovery in this Litigation. Such Confidential Information shall include, but is not limited to, the following:

    a. Copies of any and all parts of the Stock Purchase Agreement dated August 27, 2004, by and among First Services, Inc., an Ohio corporation (the "Buyer"), VINCI USA Holdings, Inc. a Delaware corporation ("Parent"), SKE International, LLC, a Delaware limited liability company (the "Seller"), and SKE Support Services, Inc. a Texas corporation (the "Target")

2) Any party who produces Confidential Information subject to this Order shall designate or stamp such information "CONFIDENTIAL." A party shall designate Confidential Information disclosed during any deposition in this matter as "CONFIDENTIAL" by notifying all parties either during the deposition or in writing, within sixty (60) days of receipt of the transcript, of the specific pages and lines of the transcript that contain Confidential Information. Each party shall attach a copy of such written notice to the face of the transcript and each copy thereof in its possession, custody or control.

3) If a party disputes the designation of material as "CONFIDENTIAL" it shall notify counsel for the producing party and attempt to resolve the dispute. If

the parties cannot resolve the dispute, the party disputing the designation may move the Court to review the designated materials and make a determination in camera as to whether the "CONFIDENTIAL" designation is warranted. All information as to which a dispute may arise shall be deemed to be "CONFIDENTIAL" in accordance with the original designation of the producing party unless and until the Court rules otherwise or the parties otherwise agree.

4) Neither the receiving party nor its representatives shall disclose Confidential Information, other than to the following persons:

   a. Attorneys participating in this Litigation, which shall include all attorneys and interns;

   b. Professional and legal support personnel employed by or acting in conjunction with the attorneys who are participating in this Litigation;

   c. The parties to this Litigation and their agents, servants, employees and representatives to the extent necessary for the prosecution or defense of this action;

   d. A person whom the attorneys in good faith feel may be a witness or potential witnesses with whom the Confidential Information may be used for the purpose of trial preparation;

   e. Persons retained by a party or its attorneys for the purpose of providing expert consulting with regard to this litigation and/or expert testimony at this litigation;

   f. Stenographers or videographers transcribing or recording any proceedings in this litigation;

3

    g. The Court, any Court personnel, and any agent of the Court, including any Appellate Court for the purposes of appellate review; and

    h. Any other person designated by agreement of the parties or order of the Court.

  5) To the extent that disclosure is made pursuant to Paragraph 4, the attorneys of record in this proceeding are hereby charged with the responsibility of providing a copy of this Order to the person to whom disclosure is made. To the extent disclosure is made to witnesses or potential witnesses as provided in Paragraph 4(d) or 4(e), then the attorneys also shall secure from the person(s) to whom such disclosure is made an oral or written agreement that such person agrees to be bound by the prohibitions of disclosure contained in this Order. Such agreement shall be obtained in advance of such disclosure.

  6) Each of the persons to whom disclosures may be made pursuant to the foregoing provisions is hereby prohibited from disclosing any of the Confidential Information, except as provided herein, and is further prohibited from exploiting such information against the interest of the parties to this action, except in the prosecution or defense of all phases of this litigation or any associated enforcement proceedings.

  7) This Order permits the parties to have access to Confidential Information; however, the parties are precluded from sharing and/or disclosing that Confidential Information to anyone other than their counsel of record in this action and each of the persons to whom disclosures may be made pursuant to the foregoing provisions, at any time either during the pendency of this action or subsequent to the conclusion of the litigation.

4

8) Confidential Information subject to this Order may not be produced beyond the terms of this Order without prior authorization from this Court.

9) To the extent CONFIDENTIAL documents are used as exhibits or attachments to any filing with the Court in the above-captioned litigation, the party so using the CONFIDENTIAL documents will file the documents with the Court in a sealed envelope prominently marked with the caption and docket number of the case, a description of the contents of the envelope, and the legend "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER," and a statement substantially in the following form:

> This envelope contains documents, which were filed in this cause by [name of party] in conjunction with [name of pleading] (or for the purpose of trial), and is not to be opened, nor the contents to be displayed or revealed except by, or upon order of, the Court.

10) The use of CONFIDENTIAL documents or information at trial or hearing shall be addressed in a subsequent pre-trial order or by a stipulation submitted by the parties to comport with the Court's pre-trial filing deadlines.

11) Nothing herein shall restrict in any manner the use by a party of its own Confidential Information, nor shall it restrict use by a party of information or documents received through means other than production in this Litigation.

12) Nothing shall prevent disclosure beyond the terms of this Order if the producing party expressly consents to such disclosure, either in writing or in the record of any proceeding in this litigation, or if the Court, after notice to all affected parties, orders such disclosure.

13) This Order shall in no way constitute a waiver of the right of the parties to assert any defense or objection with respect to the discoverability, use,

5

relevance, or admissibility of any Confidential Information subject to this Order, nor does this Order obligate any party to produce any specific document in the future (other than the documents listed in paragraph 1 (a), above) which a party deems inappropriate for production.

14) This Order does not replace, waive, or relieve any obligation or duty already existing to protect the secrecy of the Confidential Information.

15) At the conclusion of the Litigation, the disclosing party may, upon written request by counsel, request that the receiving party return or destroy any documents containing Confidential Information. For such documents destroyed, counsel for the receiving party shall certify to counsel for the producing party the date and manner in which the documents were destroyed.

16) The provisions of this Order shall survive the conclusion of this Litigation. The Court shall retain jurisdiction over the parties for enforcement of the provisions of this Order following final termination of the Litigation.

This 6th day of February, 2007.

*[signature: William L. Owens, Jr.]*

United States District Judge

6