IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

RYAN ROBINSON, and JAMES DIXON :
and BARBARA DIXON, as Guardians :
of RYAN ROBINSON, :
:
    **Plaintiffs** :
:
    v. : 5:06-CV-193 (WDO)
:
**TECOM FLEET SERVICES, INC., et al.,** :
:
    **Defendants** :

**ORDER**

This case arises from a serious personal injury and one fatality that occurred at Robins Air Force Base in Warner Robins, Georgia. Tecom Fleet Services, Inc., one of the defendants named herein, has filed a motion for summary judgment and contends that the facts establish it is not liable for the injuries and death involved in this case. No party has filed a brief in opposition to Tecom's motion. Pursuant to Federal Rule of Civil Procedure 56, the facts set forth below are those submitted by Defendant Tecom that are supported by the record and are construed in Plaintiffs' favor as the non-movants.

On August 23, 2004, Jessie Williamson, a 24-year-old Senior Airman in the United States Air Force, and Ryan Robinson, a 22-year-old Senior Airman, were operating a motorized lift with a hydraulic boom that has a reach of 80 feet with a platform basket at the end of the boom, hereinafter referred to as the "Lift." Both Airmen were in the basket of the

1

Lift and were in the process of elevating it to change the light bulbs in an aircraft hangar. Williamson, the primary operator of the Lift, elevated the Lift to a near vertical position and extended the boom more than 10 feet horizontally. The Lift suddenly toppled because, according to Defendant Tecom, the boom was elevated and extended and the wheels and axles were not extended and locked so as to broaden the base and provide stability to the Lift. Jessie Williamson was killed and Ryan Robinson was severely injured.

Ryan Robinson, together with his parents, James and Barbara Dixon, brought suit in Houston County, Georgia, for Robinson's injuries and the case was removed to this Court. This matter is a companion case to the Williamson case that was filed in the federal district court in Jacksonville, Florida. The Complaint herein alleges negligence by Defendant Tecom in its performance of inspections, repairs and maintenance on the Lift which allegedly resulted in Robinson's injuries and damages. The Complaint further alleges that Defendant Tecom is jointly and severally liable for Robinson's injuries and damages.

The evidence shows that Defendant Tecom had been primarily responsible for the service and maintenance of all ground support equipment at Robins Air Force Base since the late 1990s including equipment such as the Lift involved herein. In 2001, the Air Force ended its contract with Tecom in favor of a new contract with Defendant SKE Support Services. While the decision was made to switch to SKE in 2001, the actual date when the formal transition took place was in October 2002. As of October 2002, Defendant SKE Support Services was solely responsible for the service and maintenance of ground support

2

equipment at Robins Air Force Base and Tecom Fleet Services no longer maintained any contractual relationship with Robins Air Force Base. The accident occurred on August 23, 2004, almost two years after the last date that Tecom maintained any responsibility with respect to the service and maintenance of ground support equipment at Robins Air Force Base. During this nearly two-year period, the Lift in question underwent extensive service and maintenance, all performed and undertaken by SKE. The Lift was inspected by SKE on August 11, 2004, twelve days before the accident.

During the course of discovery, the parties and their respective experts took part in at least three separate inspections of the Lift. All of the expert reports with respect to liability, including those of Plaintiffs', reveal that none of the experts placed any blame whatsoever on any actions or inactions of Tecom and Tecom was not referenced at all in any of the reports. Additionally, 30 depositions have been taken of numerous current and former employees of SKE, former employees of Tecom and multiple Air Force personnel, including Col. David Nakayama, the investigator charged by the Air Force to conduct the official inquiry into the incident. After thirty depositions, Tecom has not been implicated at all in the events leading up to the incident. In fact, none of the deponents testified that Tecom was in any way responsible for the accident and none of them provided any testimony that even remotely alleged that Tecom was in any way negligent in this matter.

On September 8, 2004, Col. David Nakayama was appointed by General Collins, the Commander of the Air Logistics Center at Robins Air Force Base, to fully investigate the

incident in an attempt to determine the technical and root causes of the incident. General Collins directed Col. Nakayama to "dig as deep as he could" to prevent a recurrence of this type of mishap and to explain to the families of the Airmen what exactly happened, why it happened and what the Air Force was doing to prevent something like this from happening again. Col. Nakayama possessed a great deal of experience participating in and conducting thorough investigations of this type for the Air Force. Col. Nakayama has investigated two separate mishaps involving two C5 transport planes, one ground mishap involving an F15 plane and was one of the primary investigators assigned to look into the Space Shuttle Columbia incident.

    Col. Nakayama was first informed of the incident within a matter of days after the incident and began his formal investigation when he received the written appointment from the Air Force. Col. Nakayama visited the site within two days of receiving the files from the Air Force. As a part of his investigation, Col. Nakayama contracted Global Technologies out of Atlanta, Georgia, an independent company with no ties to either the manufacturer of the Lift, JLG Industries, or SKE Support Services. Dr. Ash Thacker of Global Technologies worked with Col. Nakayama for several days during which they conducted a thorough investigation of the workings of the Lift. It was determined that at the time of the accident the axles were retracted and the boom was elevated above horizontal, a condition that, according to this expert, should not have been possible on this particular Lift. Following nine months of thorough investigation, Col. Nakayama concluded that the technical cause

4

of the accident included a short in the safety interlock system and in the indicator lights in the basket of the Lift. The safety interlock system should have prevented the boom from being elevated above horizontal without having the axles extended and locked for greater stability. In his final report to the Air Force, Col. Nakayama identified all individuals or entities that shared some degree of responsibility with respect to either the technical or root causes of the incident involving the Lift. Col. Nakayama did not identify Tecom as an entity that shared any responsibility with respect to the incident involving the Lift, and not once throughout Col. Nakayama's report is Tecom even mentioned.

Defendant Tecom has filed a motion for summary judgment contending that the facts do not, and would not, support a judgment against Tecom for the injuries and damages involved in this case. No party has filed a brief in opposition, or any type of response, to the motion. Because the evidence supports Tecom's argument that Tecom could not be found to share any liability for the damages involved in this case, Defendant Tecom's motion for summary judgement is GRANTED. All claims against Defendant Tecom are DISMISSED WITH PREJUDICE and Defendant Tecom is DISMISSED AS A PARTY from this case.

**SO ORDERED this 19th day of June, 2007.**

**S/**
**WILBUR D. OWENS, JR.**
**UNITED STATES DISTRICT JUDGE**